IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 96-cr-00498-PAB
Civil Action No. 16-cv-01421-PAB

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

1.     KENNETH JORDAN,

    Defendant/Movant.

---

## ORDER DENYING § 2255 MOTION

---

Movant, Kenneth Jordan, has filed a 28 U.S.C. § 2255 Motion to Vacate ("§ 2255 motion") [Docket No. 278]. The United States has responded to the § 2255 motion. Docket No. 285.

For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

Mr. Jordan pled guilty to one count of armed bank robbery (18 U.S.C. § 2113(a) and (d)) and one count of use and carrying of a firearm in relation to a crime of violence (18 U.S.C. § 924(c)). Docket No. 278 at 2. Mr. Jordan was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which was based upon his two prior convictions for unarmed bank robbery (18 U.S.C. § 2113(a) and (d)) and armed robbery of a credit union (18 U.S.C. § 2113(a) and (d)). *Id.* Mr. Jordan was sentenced to 262 months imprisonment for the robbery conviction and 60 months imprisonment on the § 924(c) conviction for a total sentence of 322 months. Docket No. 285 at 2.

Mr. Jordan moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the basis that it violates *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*") because his underlying conviction of unarmed robbery no longer qualifies as a crime of violence. Docket No. 278 at 15.

## II. ANALYSIS[1]

Mr. Jordan argues that, post-*Johnson*, unarmed bank robbery is no longer a qualifying crime of violence under the elements in the career offender sentencing guidelines. *See* 559 U.S. at 140 ("[T]he phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person."); U.S.S.G. § 4B1.2(a)(1) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another."). Mr. Jordan argues that unarmed bank robbery does not require the use or threatened use of violent physical force; rather, it requires only that a defendant take property through intimidation. Docket No. 278 at 6.

Mr. Jordan's motion is similar to the argument made in *United States v. McCranie*, 889 F.3d 677 (10th Cir. 2018). In *McCranie*, the defendant pled guilty to federal bank robbery under 18 U.S.C. § 2113(a). *Id.* at 677-78. On appeal, the defendant argued that unarmed bank robbery, or bank robbery by intimidation, does not require the threatened use of force and, accordingly, a bank robbery effected solely by

---

[1]In its answer, the United States claims that Mr. Jordan's motion is untimely. Docket No. 285 at 2. The Court declines to address the issue of timeliness because, regardless of whether Mr. Jordan's motion is timely or untimely, it must be denied on the merits.

intimidation does not constitute a violent felony. *Id.* at 679-80. Mr. Jordan makes the same argument. Docket No. 278 at 6-8. The Tenth Circuit in *McCranie* held that "intimidation . . . qualifies as a threatened use of physical force against the person of another." 889 F.3d at 680-81. In so doing, it noted that intimidation, in the context of 18 U.S.C. § 2113(a), is defined as "an act by [the] defendant 'reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force.'" *Id.* at 680 (quoting *United States v. Valdez*, 158 F.3d 1140, 1143 (10th Cir. 1998) (alteration in original)). Indeed, the court noted that "every definition of intimidation requires a purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury." *Id.* Accordingly, the Tenth Circuit held that bank robbery by intimidation is a crime of violence under the "elements" clause of § 924(c)(3)(A). *Id.* at 681. *See also United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence.' A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the board sense that includes a merely threatened use of force is an element of every bank robbery.").[2]

The elements clauses in 18 U.S.C. § 924(c)(3)(A) and U.S.S.G. § 4B1.2(a)(1) are essentially identical. Under Tenth Circuit precedent, robbery by intimidation

---

[2] Mr. Jordan also argues that bank robbery is not a crime of violence because "bank robbery and attempted bank robbery are the same offense" and that "[t]he offense of attempted bank robbery can be completed before the defendant has used, threatened to use, or attempted to use physical force.'" Docket No. 278 at 5. But when a substantive offense constitutes a violent felony, an attempt of that offense also constitutes a violent felony. *United States v. Dean*, 724 F. App'x 681 (10th Cir. 2018) (unpublished).

3

necessarily involves a purposeful act intended to create the impression that the recipient would be met by force and, accordingly, is a crime of violence under the "elements" clause of § 924(c)(3)(A).  For this reason, the Court rejects Mr. Jordan's argument that unarmed robbery does not qualify as a crime of violence under the sentencing guidelines' elements clause, *see* U.S.S.G. § 4B1.2(a)(1), and his argument that the guidelines commentary alone cannot render an offense a crime of violence. *See* Docket No. 278 at 5-6, 10-14.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny a certificate of appealability.

### III.  CONCLUSION

For the reasons discussed above, it is

**ORDERED** that the 28 U.S.C. § 2255 Motion to Vacate [Docket No. 278], filed by Kenneth Jordan, is **DENIED**.  It is further

**ORDERED** that respondent's Motion to Stay Proceedings Pending Supreme

Court Decision in *Beckles v. United States* [Docket No. 282] is **DENIED** as **MOOT**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED May 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge